UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TWINCO, INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>THE UNITED STATES SMALL BUSINESS ADMINISTRATION, ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration, and JANET YELLEN, in her official capacity as the United States Secretary of the Treasury, and THE UNITED STATES OF AMERICA,<br><br>          Defendants. | CASE _____<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Twinco, Inc. ("Twinco" or "Plaintiff") alleges and states as follows:

**I.     INTRODUCTION**

1.     This is an action which seeks judicial review of the legally erroneous and arbitrary and capricious decision by Defendant United States Small Business Administration ("SBA") and its Administrator to deny forgiveness to Twinco of a Paycheck Protection

COMPLAINT 1 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

Program ("PPP") loan it obtained pursuant to the Coronavirus Aid, Relief and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020).

2. Twinco properly obtained and used a PPP loan to help its business survive the Covid-19 pandemic. Twinco applied for forgiveness of the loan consistent with all SBA regulations. However, the SBA denied forgiveness alleging that Twinco was ineligible due to a prior default causing loss to the government, and Twinco appealed. The allegation was untrue and the SBA voluntarily withdrew its loan denial decision while the appeal was pending.

3. The SBA issued a second decision denying forgiveness alleging that Twinco's owner had been indefinitely suspended from SBA loan eligibility, and Twinco appealed. Once again, the allegation was untrue. The administrative law judge ("ALJ") ruled in Twinco's favor on all facts and ruled that there was no indefinite suspension---a temporary suspension from SBA loan eligibility terminated approximately two years prior to the loan application.

4. However, the ALJ still affirmed the denial decision. The application instructions, but not the application itself, claimed that the submission of the application acts as a certification that the applicant had not been suspended or debarred in the past three years. The SBA argued that this language was effectively an "implicitly adopted" rule that an applicant is ineligible even after the conclusion of a suspension---in stark contrast to suspension and debarment rules in all other SBA loan contexts. The ALJ concluded that upholding the decision was required because the ALJ does "not have authority to invalidate a regulation or interpretation by the SBA Administrator," and therefore was bound to treat the unusual loan application instruction as a loan eligibility requirement at the SBA's request.

COMPLAINT 2 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

5.      The "implicitly adopted" rule is void because it exceeds the SBA's statutory authority, was not properly adopted as a rule, directly violates formally adopted rules regarding suspension and debarment, and violates due process protections.  Furthermore, the implicitly adopted rule and the ALJ's decision are arbitrary and capricious.

6.      The Court should review and reverse the SBA's decision and direct it to forgive Twinco's PPP loan.

## II.      PARTIES

7.      Plaintiff Twinco, Inc. is a Washington corporation that owns and operates several Wendy's restaurant franchise locations in Washington State.  Twinco's principal place of business is in Thurston County, Washington.  Twinco is owned by Jasmel Sangha and Susheel Sangha.  Jasmel Sangha was largely responsible for the operations of Twinco until he suffered a debilitating stroke in 2019.  Thereafter, management responsibilities have largely been handled by Susheel Sangha, and their son Tanveer Sangha.

8.      Defendant SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. § 633 et seq. Under the CARES Act, the SBA administers the PPP. The SBA provided a PPP loan to Twinco, but denied forgiveness of the loan.

9.      Defendant Isabella Casillas Guzman (the "Administrator") is the Administrator of the SBA and is sued in her official capacity only, as the Administrator of the SBA. Authority to sue the Administrator is granted by 15 U.S.C. § 634(b).

10.     Defendant Janet Yellen is the Secretary of the United States Department of Treasury and is named as defendant only in her official capacity. Because she is the officer with final authority on all matters relating to the Department of Treasury consulting with the

COMPLAINT  3 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

SBA for the implementation of the PPP, Secretary Yellen is a proper defendant for causes of action brought under the APA.

11. Defendant United States of America ("United States") is named as a party pursuant to 5 U.S.C. §§ 702, 703. The actions complained of were taken by the United States through its officials or agencies, including the SBA and the Administrator.

### III.   VENUE AND JURISDICTION

12. This Court has jurisdiction of this dispute under 28 U.S.C. §§ 1331, 1346(a)(2), 1361 and/or 2201. Authority for judicial review of agency action is further provided by 5 U.S.C. § 702.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C § 703 because the Plaintiff resides in this judicial district.

14. The SBA's review and denial of the Plaintiff's appeal through the SBA's Office of Hearings and Appeal ("OHA") became final on February 23, 2023, thirty (30) days after service of the OHA Decision. 13 C.F.R. § 134.1211(g).

15. Plaintiff is entitled to judicial review of the SBA Final Decision and the OHA Decision. 13 C.F.R. § 134.1201(d) ("An appeal to OHA is an administrative remedy that must be exhausted before judicial review of a final SBA loan review decision may be sought in a Federal district court"); 13 C.F.R. § 134.1211(g) ("Final decisions may be appealed to the appropriate Federal district court only").

### FACTUAL BACKGROUND

#### I.   The CARES Act.

16. On March 11, 2020, the World Health Organization declared the coronavirus COVID-19 outbreak a global pandemic.

COMPLAINT  4 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

17. On March 25, 2020, Congress passed the CARES Act to mitigate the economic devastation caused by the COVID-19 pandemic. Pub. L. No. 116-136, 134 Stat. 281 (2020). Congress enacted the CARES Act to protect the millions of Americans employed by small businesses. Part of the CARES Act included the PPP, which provided the SBA with the funding and authority to operate a loan program designed to financially assist small businesses with their cash-flow during the COVID-19 pandemic. See id. § 1102; 15 U.S.C. § 636.

18. Specifically, Section 1106 of the CARES Act, as amended by the Paycheck Protection Program Flexibility Act (the "Flexibility Act"), Pub. L. No. 116-142, 134 Stat. 641 (2020), sets out the conditions of loan forgiveness for PPP loan recipients. "An eligible recipient shall be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds are used for certain payroll expenses. 15 U.S.C. § 636m(b), (d). The SBA is required to reimburse the private lender for any PPP loan determined eligible for forgiveness. 15 U.S.C. § 636m(c)(3). PPP loan recipients must submit applications to the SBA to be considered for forgiveness and the SBA must forgive the PPP loan if the borrower was an "eligible recipient" of the PPP loan.

19. Historically, the SBA has excluded certain types of small businesses from eligibility for other SBA lending programs. Aware of this exclusion, Congress deliberately expanded the classes of businesses eligible for forgivable PPP loans.

20. Specifically, in the section of the CARES Act conspicuously titled "Increased Eligibility for Certain Small Businesses and Organizations," Congress broadened the class of businesses eligible to receive SBA financial assistance PPP loans, including but not limited to nonprofit organizations. 15 U.S.C. § 636(a)(36)(D).

COMPLAINT 5 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

21. Congress specifically and unambiguously provided that "any business concern [as described in the CARES Act,] ... shall be eligible" for PPP loans, and the subsequent forgiveness thereof, if it met the criteria for forgiveness. 15 U.S.C. § 636(a)(35)(D)(i).

22. The CARES Act was signed into law by the President on March 27, 2020.

23. Prior to, and without consideration of, the enactment of the CARES Act, the SBA developed Standard Operating Procedures ("SOPs") to implement its regulations for each then existing loan program. See 13 C.F.R § 120. The SBA utilizes SOP 50 10 5(K), Lender and Development Company Loan Programs, to "conform to recently revised regulations in 13 CFR Part 120, and to provide guidance that clarifies and streamlines policy and procedures affecting the 7(a) and 504 programs." See SBA SOP 50 10 5(K) at 1. SOP 50 10 5(K), which incorporated then recently published final rules, federal register notices and SBA policy notices, became effective on April 1, 2019, almost a full year prior to enactment of the CARES Act and the beginning of the COVID-19 pandemic.

**II.     Sangha Top Hat Defaults on SBA Loan---Without Loss to the Government.**

24. Sangha Top Hat, LLC is separate business also owned by Jasmel Sangha and Susheel Sangha.

25. In 2015, Sangha Top Hat obtained an SBA 7(a) loan for the acquisition of a building that was leased to businesses owned in part by Jasmel and Susheel Sangha, including Twinco.  The SBA loan application disclosed that Twinco would use the premises to support the operations of planned Wendy's franchise locations in SeaTac International Airport.  The Port of Seattle treats such offsite locations as critical to any successful application for restaurant space in the airport (leased restaurant space provides extremely limited kitchen and storage space for each restaurant service counter).  The SBA approved the loan application.

COMPLAINT  6 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

26. Mr. Sangha had a secondary purpose for acquiring the property in proximity to SeaTac International Airport. The property consisted of two units, the smaller of which could serve as a retail storefront in addition to the storage and prep space to be used by Twinco. Sangha Top Hat leased the smaller upper unit to Jus Liquor, LLC dba Nimbin Farm, a company unrelated to Twinco's franchise operations business, but also owned by Jasmel Sangha. Nimbin Farm held a retail cannabis license issued by the State of Washington and opened a licensed cannabis retail store in its leased portion of the building. While Nimbin Farm's business was legal in the State of Washington, it was not a use the SBA allowed in buildings funded by SBA 7(a) loans.

27. Bank of the West was the lender for the SBA 7(a) loan to Sangha Top Hat. Upon learning that the property was partially leased to Nimbin Farm, Bank of the West declared the loan to be in default and accelerated the full amount due. Sangha Top Hat promptly sought and secured refinancing from an alternative source to repay the loan. Not only did Sangha Top Hat repay the loan in full, but it also paid all attorney fees associated with the default and a prepayment penalty of $33,796.03. The lender and the SBA were fully compensated and suffered no loss.

### III. The SBA Temporarily Suspends Jasmel Sangha.

28. Despite the prompt repayment following the notice of default, Keven Standley, Special Agent for the SBA and Office of Inspector General, initiated criminal proceedings against Mr. Sangha by preparing a Certification for Determination of Probable Cause alleging that Mr. Sangha's actions in securing an SBA 7(a) loan amounted to theft.

29. In relation to the initiation of the criminal proceedings, the SBA issued a Notice of Suspension to Jasmel Sangha on February 16, 2018. The Notice of Suspension

COMPLAINT 7 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

explained that it was based on the fact that Jasmel Sangha was facing pending criminal charges and that the suspension was "a temporary measure imposed pending the completion of any investigation or legal proceedings that may ensue."

30. According to 2 C.F.R § 108.760(a), "if legal or debarment proceedings are initiated" during a suspension, then "the suspension may continue until the conclusion of those proceedings."

31. Mr. Sangha took responsibility for his actions by pleading guilty to misdemeanor attempted theft. Mr. Sangha was convicted of the misdemeanor, and the criminal proceedings concluded, when the Judgment and Sentence was entered in King County Superior Court on June 22, 2018.

32. A criminal conviction may be used to support debarment proceedings. See 2 CFR 108.800(a). However, debarment proceedings require certain minimum due process requirements including notice and a fair opportunity to contest a proposed debarment. 2 CFR 180.800–885.

33. In this case, the SBA was aware of the resolution of the criminal proceedings because, as noted on the face of the Judgment and Sentence, multiple special agents from the SBA and Office of Inspector General were present at sentencing. With full knowledge of the criminal conviction, the SBA decided not to pursue debarment proceedings or otherwise seek to extend the temporary suspension.

34. The only legal proceedings ever initiated against Mr. Sangha concluded with his misdemeanor conviction on June 22, 2018, and the SBA took no action to pursue debarment or extend the temporary suspension---thus the temporary suspension ended on June 22, 2018.

COMPLAINT  8 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

### IV.     Twinco Obtains a PPP Loan Consistent with Congressional Intent.

35. In March and April 2020, the Covid-19 pandemic, along with the resulting government orders and social distancing measures taken during the health emergency, struck a devastating blow to restaurant businesses, including Twinco's business.

36. Susheel Sangha took over management of Twinco from Jasmel Sangha, along with their son Tanveer Sangha, after Jasmel Sanga suffered a debilitating stroke in 2019.

37. In her role as manager of Twinco, Susheel Sangha applied for a PPP loan on April 7, 2020, with the assistance of Tanveer Sangha, so that it could maintain its operations and pay its employees during the pandemic.

38. The SBA determined Twinco qualified for a PPP loan and approved the application. Twinco borrowed a total of $332,863.62 through the PPP loan program with SBA approval.

39. Twinco applied for the PPP Loan for the exact purposes envisioned by Congress in the CARES Act and utilized the PPP Loan proceeds exactly as intended by Congress: to protect the continued employment of its employees.

40. Twinco applied for loan forgiveness on or about July 22, 2021.

### V.     The First Wrongful SBA Denial.

41. The SBA issued a decision denying loan forgiveness to Twinco on March 24, 2022 (the "Original Decision"). The Original Decision denied loan forgiveness because an owner of Twinco "defaulted in the last 7 years and caused a loss to the government." It made no mention of any suspension.

42. Twinco appealed the decision to OHA. Twinco pointed out—as noted above—that while Sangha Top Hat (not an owner of Twinco) did default on a loan, it repaid

COMPLAINT  9 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

the loan in full, including a prepayment penalty and attorney fees. There was no loss to the government, and thus the Original Decision was clearly erroneous.

43. During the appeal process, the SBA's counsel shifted attention away from the alleged default resulting in loss, and began claiming that Twinco was ineligible because Jasmel Sangha had been indefinitely suspended by the SBA. Counsel for Twinco worked with counsel for the SBA to clear up the alleged indefinite suspension, and then the SBA provided a notice acknowledging the termination of the four plus year-old stale suspension. The SBA then withdrew its Original Decision and filed a motion to dismiss the appeal, which was granted.

### VI. The Second Wrongful SBA Denial and Final Decision.

44. Twinco anticipated loan forgiveness would be granted following the dismissal of the initial appeal. However, on October 21, 2022, the SBA issued a new decision, once again denying loan forgiveness (the "Second Decision"). This time the Second Decision made no mention of default or government loss. Instead, it claimed that Twinco was ineligible because Jasmel Sangha was "suspended within 3 years of the application date of April 7, 2020," and because "the suspension was in place at the time of application."

45. Twinco exhausted its administrative remedies by timely appealing the Second Decision to OHA.

46. During the appeal process, the SBA submitted an incomplete administrative record. Twinco objected to the incomplete record and provided the missing documents. OHA considered the documents submitted by Twinco in making its decision.

47. During the appeal process, the SBA pointed to language in the PPP loan application instructions (not the loan application itself) that states: "By submitting this loan

COMPLAINT 10 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

application, you certify that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency." The SBA asserted this language in the instructions created an "implicitly adopted" rule that made Twinco ineligible for a PPP loan due to Jasmel Sangha's prior temporary suspension (hereinafter, the "Three-Year Rule").

48. After consideration of the full record, with the addition of briefing by the parties, OHA issued an initial decision on January 24, 2023. The initial decision became a Final Decision, pursuant to 13 CFR § 134.1211, after 30 days passed on February 23, 2023. The Final Decision is appended to this Complaint as **Exhibit A**.

49. The Final Decision concluded that the temporary suspension terminated on June 22, 2018, upon Mr. Sangha's conviction as argued by Twinco, and thus SBA's argument that Mr. Sangha was still suspended at the time of Twinco's loan application was without merit.

50. However, the Final Decision also concluded that the Administrative Law Judge ("ALJ") did not have "authority to invalidate a regulation or interpretation issued by the SBA Administrator," and that the ALJ must therefore defer to the SBA's assertion that the Three-Year Rule made Twinco ineligible for a PPP loan. As a result, the Final Decision upheld the denial contained in the Second Decision.

51. The SBA's sole and exclusive basis for denial of forgiveness that is supported by the Final Decision was its determination that Jasmel Sangha was previously suspended within the three years preceding the PPP loan application, despite the fact that the temporary suspension was no longer in place on the date of the application.

COMPLAINT 11 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

52. Twinco now seeks judicial review of the SBA's Final Decision and seeks a Court order declaring that Twinco's PPP loan should be forgiven.

### VII. SBA's Decision was Arbitrary, Capricious, an Abuse of Discretion, Contrary to Constitutional Rights, and is in Excess of Statutory Authority.

53. The Second Decision and the Final Decision rely on an alleged "implicitly adopted" rule that an applicant with a suspension in the three years preceding the PPP loan application makes the applicant ineligible. The Three-Year Rule is not stated amongst any regulations. Instead, it is only implied by text of the PPP application instructions.

54. The SBA may not implicitly adopt a rule. Agency rules are invalid if the agency fails to comply with APA requirements. *Buschmann v. Schweiker*, 676 F.2d 352, 355–56 (9th Cir.1982); *cf. Chrysler Corp. v. Brown*, 441 U.S. 281, 313, 99 S.Ct. 1705, 1723, 60 L.Ed.2d 208 (1979) ("Certainly regulations subject to the APA cannot be afforded the 'force and effect of law' if not promulgated pursuant to the statutory procedural minimum found in that Act."). At a minimum, the SBA must adopt rules impacting the rights of loan applicants through notice and comment rulemaking. *See* 5 USC §553. The SBA never adopted a rule that disqualifies applicants who have been previously suspended or debarred. As a result, the alleged "three year rule for suspensions" is void because it is in excess of statutory authority and did not adhere to procedure required by law.

55. The implicitly adopted rule is also invalid because it directly violates formally adopted rules regarding the effect of suspension and debarment, which specify when and how a person or entity is suspended or debarred. *See* 2 CFR Part 180 and Part 2700. While an applicant cannot obtain a federal loan while appropriately under a suspension or debarment,

COMPLAINT 12 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

there is no prohibition on their ability to qualify for a loan after the conclusion of suspension or debarment.

56. The implicitly adopted rule also violates due process protections. The SBA is required to follow specific procedure to ensure due process rights of applicants are protected. The implicitly adopted rule circumvents those protections by making the applicant ineligible for federal loans without having any opportunity to contest the ineligibility as applicants are otherwise entitled to through debarment proceedings.

57. Finally, the Second Decision and Final Decision are arbitrary and capricious where the CARES Act intended to make PPP loans widely available to businesses, even those that were ordinarily ineligible for SBA loans, yet the SBA imposed an implied rule in this case that was more restrictive of loan eligibility than is required for ordinary SBA loans without reason. Ordinarily, suspension or debarment only acts to make applicants ineligible during their period of suspension or debarment, not for a continuing three-year period after the suspension or debarment ends.

**FIRST CLAIM FOR RELIEF (JUDICIAL REVIEW)**

58. The allegations contained in the foregoing paragraphs are realleged and restated herein.

59. This Court is authorized and empowered to review the Final Decision (and the underlying Second Decision) for errors.

60. The Final Decision is erroneous as a matter of law, constitutes arbitrary and capricious action by the SBA, was made based upon an invalid rule and/or policy established without statutory authorization, and constituted an abuse of discretion, all in violation of 5. U.S.C. § 706(2)(A), (C).

COMPLAINT  13 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

61. The Court should hold that the Final Decision was unlawful, set aside the Final Decision, and direct the SBA to grant forgiveness to Twinco regarding its PPP Loan.

### SECOND CLAIM (DECLARATORY JUDGMENT)

62. The allegations contained in the foregoing paragraphs are realleged and restated herein.

63. There is an actual and existing controversy between the parties as to the correctness of the SBA's Second Decision and Final Decision.

64. The SBA's application of an implied rule to deny loan forgiveness to Twinco was legal error, was arbitrary and capricious, was made without statutory authority, and constituted an abuse of discretion (to the extent it had discretion) in direct violation of 5 U.S.C. § 706(2)(A), (C).

65. Twinco is entitled to a judgment declaring that the implied rule is void, and that the denial of loan forgiveness was legal error, was a violation of due process, was arbitrary and capricious, and was an abuse of discretion, and therefore Twinco is entitled to an order granting loan forgiveness.

### THIRD CLAIM (SUSPENSION OF FINAL DECISION)

66. The allegations contained in the foregoing paragraphs are realleged and restated herein.

67. Pursuant to 5 USC § 705, to prevent irreparable injury to Twinco, Twinco requests that this Court stay and postpone the enforcement of the Final Decision pending judicial review, and direct that Twinco's period of loan deferment be extended until resolution of this action.

COMPLAINT  14 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575

**PRAYER FOR RELIEF**

WHEREFORE, Twinco, Inc. respectfully prays that the Court grant it the following relief:

a. Stay and postpone the Final Decision and direct that Twinco's period of loan deferment be extended until resolution of this action;

b. Declare that the Three-Year Rule is void because it was not adopted pursuant to required APA rulemaking procedures;

c. Declare that the Three-Year Rule is contrary to law and its application violates Twinco's due process rights;

d. Declare that the application of the Three-Year Rule to Twinco's PPP loan was arbitrary and capricious, and an abuse of discretion;

e. Vacate and set aside the Final Decision (and the underlying Second Decision) denying Twinco full forgiveness of its PPP loan, and instruct Defendants to grant full loan forgiveness;

f. Award reasonable attorneys' fees and costs to the extent permitted by law; and

g. Grant such other relief as this Court deems just and proper.

Dated this 19th day of January, 2024.

        GORDON THOMAS HONEYWELL LLP

        By: */s/Ryan C. Espegard*
            Ryan C. Espegard, WSBA No. 41805
            1201 Pacific Ave, Ste 2100
            Tacoma, WA 98402
            (206) 676-7548
            respegard@gth-law.com

COMPLAINT  15 of 15
(No.: _____)
[4889-5392-3432]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVE, STE 2100
TACOMA, WA 98402
(253) 620-6500 - FACSIMILE (206) 676-7575