# Exhibit A
# SBA FINAL DECISION

United States
Small Business Administration
Office of Hearings and Appeals

| | |
|---|---|
| Paycheck Protection Program Appeal of:<br><br>Twinco, Inc.<br>       Appellant<br><br>Appealed from:<br>SBA PPP Loan Number 5046657206 | Issued:  January 24 , 2023<br><br>Docket No. PPP- 5046657206 |

*Appearances:*
*For the Appellant:  Ryan Espegard, Attorney*
*For the Small Business Administration: Jayson Pang, Attorney*

*Decision*

### 1.  *Introduction and Jurisdiction*

Twinco, Inc. (Twinco or Appellant) submitted SBA Form 2483, Paycheck Protection Program Borrower Application ("the Application") dated April 7, 2020. (AR 153-54).

Subsequently, PPP loan number 5046657206 ("the Loan") was disbursed to Twinco by the Lender on or about April 30, 2020, in the amount of $332,863.62. (AR 35).

On July 22, 2021, Twinco executed a Paycheck Protection Program PPP Loan Forgiveness Application Form 3508EZ requesting forgiveness for the full amount of the Loan. (AR 155).

On or about October 21, 2022, the SBA issued its Final Loan Review Decision (FLRD) denying forgiveness of the Loan.  Loan Decision (Dkt. 02) (AR 15- 16).  It is this decision that Twinco has appealed.

On November 18, 2022, Twinco filed an appeal asking the Office of Hearings and Appeals (OHA) reverse the SBA's decision and find that Twinco is eligible for the PPP loan disbursed and its forgiveness. (Appeal Petition Dkt. 1).

On November 29, 2022, OHA issued the Order. (Dkt. 4). The Administrative Record ("AR") was filed by the SBA on December 17, 2022. (Dkt. 5). Twinco filed an Objection to Administrative Record December 26, 2022. (Dkt. 6).

OHA conducts PPP appeals under the authority of 13 C.F.R. part 134 Subpart L. (13 C.F.R. § 134.1201 *et seq.*)

### 2.  *Factual Background*

#### A.  *Twinco's Loan Application and Request for Loan Forgiveness*

On March 27, 2020, the Coronavirus Aid, Recovery and Economic Security Act (CARES Act) became law, giving businesses the opportunity to apply for potentially forgivable loans through the PPP. P.L.116-136 (March 27, 2020).  As a result, Twinco applied for and received a loan in the amount

1

of $332,863.62, for which it asked for forgiveness.

*B. Twinco's Appeal and the SBA's Response*

The FLRD denied forgiveness of the loan and stated:

> "After review of the documentation provided, the SBA concludes that, the Borrower or any owner of the Borrower, was suspended, debarred, proposed for debarment, declared ineligible, or voluntarily excluded from participation by a Federal department or agency within the past three years.

> To be eligible for a PPP loan, by submitting the loan application the Borrower certifies that neither the Applicant or any owner of the Applicant have within the past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency; (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this Certification.

> ***Principal Jasmel Sing Singha with SS# ending in 9526 a 51% owner of Twinco, Inc. was reported on SAM.gov due to a notice of suspension issued on February 16, 2018.*** The Office of Credit Risk Management confirms the suspension was terminated as of July 19, 2022. The borrower is confirmed to be ineligible since they were suspended within 3 years of the application date of April 7, 2020. Additionally, the suspension was in place at the time of the application." Emphasis added.

On November 18, 2022, Twinco submitted an Appeal Petition.  It later submitted a Reply on January 19, 2023, in reply to SBA's Response filed on January 10, 2023.

**Twinco stated** it is a corporation that operates several Wendy's restaurant franchise locations in Washington State. Twinco is owned by Jasmel Sangha and Susheel Sangha.  Noting that the SBA previously withdrew another FLRD regarding the same loan, it asserts that the indefinite suspension violates regulations governing suspension and debarment, violates due process, is clearly erroneous and should be reversed.

Twinco acknowledged that the SBA issued a Notice of Suspension to Jasmel Sangha on February 16, 2018.  The Notice of Suspension explained that it was because Jasmel Sangha was facing pending criminal charges and that it was temporary in nature. Those charges were resolved when Sangha pleaded guilty to a misdemeanor and the corresponding Judgment and Sentence was entered on June 22, 2018.

Twinco asserts that the SBA's temporary suspension was supposed to terminate on that date, with the SBA then having the option to pursue debarment if it felt debarment was appropriate. The SBA did not pursue debarment.

Jasmel Sangha did not inform Susheel Sangha or Tanveer Sangha of the Notice of Suspension when he was managing Twinco. Susheel Sangha and Tanveer Sangha first learned of the suspension

2

after Jasmel Sangha's stroke and during the appeal of the Original Decision.

Twinco argues that its suspension should have ended on its own when a criminal case was concluded in June 2018, without any action on its part, i.e., the suspension was self-executing once the judgement was entered concluding the case. It further stated that "[i]f legal proceedings were not initiated, 'a suspension may not exceed 12 months.'" 2 CFR 180.760(a). In other words, without the legal proceedings that concluded in June 2018, the suspension would necessarily have terminated in 12 months after the date of the suspension, or by February 16, 2019. Thus, either way, the suspension was terminated pursuant 2 CFR 180.760 prior to the Application's submission in April 2020.

It then argues that the SBA never proposed debarment and never provided Sangha the corresponding minimum due process associated with the proceedings. In lieu of debarment, the SBA apparently maintained an indefinite suspension in violation of OMB guidelines and without due process. Had debarment been proposed and Sangha given due process, then Sangha would have presented evidence and argument resulting in any debarment concluding prior to the April 2020 application. Sangha's wrongdoing was limited to a single occasion, which was promptly corrected by Sangha without any loss to the government. He also took responsibility with a guilty plea to a misdemeanor and promptly completed his required community service.

**The SBA, in its Response**, notes that Twinco's "Appeal Petition adequately recounts the events that gave rise to Jasmel Sangha ("Sangha"), a 51% owner of Appellant, being suspended via the Notice of Suspension to Jasmel Sangha on February 16, 2018."

The Notice of Suspension states, in part,

> You, Jasmel Singh Sangha, face a number of charges listed in the attached Criminal Information. Specifically, you were charged in the State of Washington with the intent to deprive another of property, wrongfully obtaining such property belonging to Bank of the West and SBA by color of aid of deception (RCW 9A.56.020(1)). You were also specifically charged in the State of Washington with the appropriation of lost and misdelivered property with value that did exceed $5,000, such property belonging to Bank of the West and SBA (RCW 9A.56.030). **These actions are grounds for suspension from participation in federal government programs.**

Emphasis added. Suspension Letter – Ex. C - Dkt 3, Ex A - Dkt 6. Furthermore, not only had Sangha been suspended, Twinco had as well.

Sangha was convicted of Attempted Theft In the Second Degree on June 22, 2018. Judgement and Sentence, Non-Felony, Ex. D - Dkt 3, Ex B - Dkt 6.

On July 19, 2022, SBA issued a Notice of Termination of Suspension. AR 331, Exhibit J Dkt 3. The termination applied to Sangha, Twinco, Inc., Sangha Top Hat LLC, and Jus Liquor LLC.

The SBA sets forth the suspension framework:

> Executive Order 12549, the basis for the subject certifications in Form 2483, was issued with the intent to "curb fraud, waste, and abuse in Federal programs, increase agency accountability and ensure consistency among agency regulations concerning debarment and suspension of participants in Federal programs[.]" Exec. Order No. 12549, 51 FR 6370 (Feb. 18, 1986).

> Loans and loan guarantees are considered covered transactions and the principals and participants in those transactions are subject to the prohibitions therein. 2 C.F.R. § 180.970. Pursuant to 2 C.F.R. Part 2700.10, SBA has adopted the guidance in Part 180 as regulation. The purpose of the non-procurement debarment and suspension system is to protect the public interest and ensure the integrity of the federal government by conducting business only with responsible persons. 2 C.F.R. § 180.125.

The SBA highlights the fact that in the Paycheck Protection Program Borrower Application Form includes the self-certification question No. 1 that stated:

> Is the Applicant or any owner of the Applicant presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction by any Federal department or agency, or presently involved in any bankruptcy?

In its application for the PPP Loan, Appellant responded "No" to question No. 1. (AR 153). In addition, by submitting the PPP loan application, Twinco certified, consistent with EO 12549, that the owner of Appellant was not debarred, suspended, declared ineligible or voluntary excluded from participation in a transaction by any Federal agency.

The SBA argues that the Notice of Suspension did not provide an expiration date. Nor was there a basis for inferring an expiration date from the mere criminal judgment.

Furthermore, SBA asserts that, even if SBA should have ended the suspension earlier, it did not do so, and the answer to the Question 1 was false. That alone is fatal to forgiveness.

The SBA points out there is no basis for understanding that the criminal proceedings did not conclude until the satisfaction of judgment was filed on July 13, 2022, even though a conviction was entered June 22, 2018, well after the date of the loan application.

At the time of the loan application (April 2, 2020), approximately two years and two months had passed since the Notice of Suspension had been issued (February 16, 2018). Appellant provided no documents that would support suspension having been terminated prior to the date of the loan application. The satisfaction of the criminal judgment was not filed until July 13, 2022, and SBA did not issue a notice of termination of the suspension until July 29, 2022.

Finally, because Sangha was suspended and a 51% owner of Twinco, Twinco was ineligible for the PPP loan.

**Twinco filed a rebuttal** and asserted it was essentially unlawful to have an "indefinite suspension." It further claims that an SBA "3-year rule" for suspension duration is not authorized by issuance of a regulation. The three-year language cited by the SBA is contained in the last page of the instructions, but not on the application itself. Additionally, the instructions do not state any consequence for a suspension occurring in the prior three years. While claiming a certification is being made, there is no language stating that a prior suspension in the preceding three years makes an applicant ineligible.

Twinco cites "2 CFR §180.760(a) provides that a temporary suspension 'may continue until the conclusion of those proceedings,'" and argues that the proceedings ended on the sentencing date, not the Satisfaction of Judgment entered in 2022.

Finally, Twinco argues that the term of the suspension is governed by 2 CFR §180.760, which

answers the question "How long will my suspension last?" The rule is clear that a temporary suspension "may continue until the conclusion of those proceedings." 2 CFR §180.760(a) (emphasis added). The only reasonable interpretation of this rule is that suspensions end upon the conclusion of the proceedings on which they are based.  Twinco highlights "until" to support the end date.  It further claims that placing the burden of lifting a suspension on Twinco is arbitrary and capricious.

### 3.  *Discussion*

### A.  *Applicable Law and Policy*

#### 1)  *Standard of Review*

Twinco has the burden of proving all elements of the appeal. Specifically, Twinco must prove that the SBA Final Loan Review Decision is based upon a clear error of fact or law. 13 C.F.R. § 134.1210.

#### 2)  *Scope of OHA and ALJ Decisions*

As an independent office of the SBA, OHA has limited authority and jurisdiction to review decisions made by the SBA. Acting within the bounds of that authority and jurisdiction, Administrative Law Judges or Administrative Judges do not have the authority to invalidate a regulation or interpretation issued by the SBA Administrator. *See Matter of Cognitive Professional Services, Inc.*, Case No. BDPE-545 at *3 (March 10, 2015) ("[OHA] is not the proper forum for a challenge to the validity of a regulation"); *Family Choice Financial*, Docket No. PPP-8323747201, at 12 (ALJs are "exercising the Administrator's delegated authority and it would be surprising if that delegation included the authority to invalidate an SBA regulation"); *Auth. of Educ. Dep't Admin. L. Judges in Conducting Hearings*, 14 U.S. Op. Off. Legal Counsel 1, 2–3 (1990), 1990 WL 750326, at *1–2 ("ALJs are bound by all policy directives and rules promulgated by their agency, including the agency's interpretations of those policies and rules").[1]

Given that limited authority, regulations issued by the SBA Administrator are binding on OHA, and OHA is not the forum for challenges to the SBA's regulations or interpretation of Congressional acts. Any such challenges are more properly made, if at all, in federal court. *Id*.

#### 3)  *The CARES Act and PPP Loans*

As noted above, in March 2020, in response to the COVID-19 pandemic and the resulting economic conditions, Congress passed the Coronavirus Aid, Relief and Economic Security Act (CARES Act), Pub. L 116-136, 134 Stat. 281 (2020). Section 1102 of the Act established the Paycheck Protection Program, which was "intended to help businesses cover expenses and make payroll for their workers to keep them employed during the pandemic" by loaning money to eligible small businesses through verified lenders. If those loans met certain conditions, they would be forgiven through funding from the SBA. Congress placed the PPP under Section 7(a) of the Small Business Act, making the SBA the agency entrusted to administer the Program. See CARES Act section 1102(a) (adding Paragraph (36) to 15 U.S.C.§ 636(a)).

Under the CARES Act, the SBA was granted Emergency Rulemaking Authority under Section 1114, requiring that:

> Not later than 15 days after the date of enactment of this Act the Administrator shall issue regulations to carry out this title and the amendments made by this title without regard to the notice requirements

---

[1] Available at https://www.justice.gov/file/20131/download (last accessed June 2, 2022).

under section 553(b) of title 5, United States Code.

(Emphasis added). Subsection (b) of section 553 requires that "General notice of proposed rulemaking *shall be published in the Federal Register . . .*) (emphasis added). Section 1114 of the CARES Act waived the requirement for SBA's rules and regulations pertaining to the Cares Act to be published first in the Federal Register before they could become effective. Thus, the First Interim Final Rule at 85 FR 20811 was effective without publication in the Federal Register and was issued for the immediate implementation of the PPP through publication on SBA's and Treasury's websites on April 2, 2020. Consequently, publication of the rule in the Federal Register was not required.

    4) PPP Loan Eligibility

The PPP is directed at small businesses and its principal function is to provide potentially forgivable loans to them. See 15 USC § 636(a)(36)(D)(I). The PPP loans are made under the same terms, conditions, and processes as other SBA loans, although the scope of allowable borrowers was expanded for PPP loans to generally include sole proprietorships, independent contractors, non-profit organizations, and other specified businesses, if they were operating "small" business of not more than 500 employees. 15 USC § 636(a)(36)(B) and 15 USC § 636(a) (36)(D).

Not all such businesses, however, are eligible for PPP loans. The statute also provides that "the [SBA] Administrator may guarantee covered loans under the same terms, conditions, and processes as a loan made under this subsection." 15 USC § 636(a)(36)(B). Ineligible types of businesses are identified in 13 CFR § 120.110. These ineligible businesses include, for example, non-profit businesses; passive businesses owned by developers and landlords that do not actively use or occupy the assets acquired or improved with the loan proceeds (except Eligible Passive Companies under § 120.111[2]); financial businesses primarily engaged in the business of lending, such as banks, finance companies, and factors; life insurance companies; pyramid sale distribution plans; businesses deriving more than one-third of gross annual revenue from legal gambling activities; businesses engaged in any illegal activity; businesses with an Associate who is incarcerated, on probation, on parole, or has been indicted for a felony or a crime of moral turpitude; businesses that have previously defaulted on a Federal loan or Federally assisted financing; businesses owned or controlled by an applicant or any of its Associates which previously owned, operated, or controlled a business which defaulted on a Federal loan. 13 CFR §120.110.

Additionally, there are limitations that preclude some individuals from receiving PPP loans or being a participant in receiving a PPP loan. Thus, for example, persons suspended or "debarred" under the SBA or Government-wide debarment regulations may not conduct business with SBA. 13 CFR §103.2(b). Individuals are precluded if they recently were convicted of or had a civil judgment rendered against them for commission of fraud or a criminal offense in connection with a public transaction or contract, violation of Federal or State antitrust statutes or commission of embezzlement, theft, forgery, bribery, falsification, or destruction of records, making false statements, or receiving stolen property. Executive Order 12549, 13 CFR part 145. Also, if a borrower or 20% or more owner of a borrower is presently involved in a bankruptcy proceeding, the borrower is ineligible for a PPP loan. SBA Form 2483-SD or SBA Form 2483-SD-C; FAQ issued April 9, 2021.

On the Paycheck Protection Program application, an applicant must certify that:

---

[2] "An Eligible Passive Company must use loan proceeds only to acquire or lease, and/or improve or renovate, real or personal property (including eligible refinancing), **that it leases to one or more Operating Companies** for conducting the Operating Company's business, or to finance a change of ownership between the existing owners of the Eligible Passive Company." 120 CFR 120.111. Emphasis added.

The information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 U.S.C. 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 U.S.C.1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

85 CFR 20814.

Furthermore,

If SBA determines in the course of its review that the borrower was ineligible for the PPP loan based on the provisions of the CARES Act, SBA rules or guidance available at the time of the borrower's loan application, *or the terms of the borrower's PPP loan application (for example, because the borrower lacked an adequate basis for the certifications that it made in its PPP loan application), the loan will not be eligible for loan forgiveness.*

Emphasis added.  85 CFR 33005.

The regulatory provision regarding the length of a suspension states as follows:

**§ 180.760 How long may my suspension last?**

(a) If legal or debarment proceedings are initiated at the time of, or during your suspension, the *suspension may continue until the conclusion of those proceedings.* However, *if proceedings are not initiated, a suspension may not exceed 12 months.*

(b) The suspending official *may extend the 12 month limit* under paragraph (a) of this section for an additional 6 months if an office of a U.S. Assistant Attorney General, U.S. Attorney, or other responsible prosecuting official requests an extension in writing. *In no event may a suspension exceed 18 months without initiating proceedings under paragraph (a) of this section.*

(c) The suspending official must notify the appropriate officials under paragraph (b) of this section of an impending termination of a suspension at least 30 days before the 12 month period expires to allow the officials an opportunity to request an extension.

Emphasis added.  2 CFR 180.760.

## B.  *Application of Law*

The SBA Final Loan Review Decision must be reversed if it contains clear error of fact or law material to the decision.  The central issue is whether Twinco's partial owner was subject to a suspension which rendered it ineligible for a PPP loan and, if so, ineligible for forgiveness of such loan.

The threshold question is whether Twinco was under suspension at the time of the PPP

7

application. Twinco must show that the SBA made a clear error in this fact. There is nothing in the record to show that the suspension issued to Twinco was actively terminated by the SBA until its action on July 19, 2022. Therefore, when Twinco answered "No" in the application form to the question as to whether it is "presently suspended . . . from participation in this transaction by any Federal department or agency . . . ." its answer was false only if the suspension expired by operation of law.

Twinco asserts the more fundamental question is whether the SBA erred in not terminating the suspension well before July 2022, claiming it had no authority to extend the suspension out as long as it did. Twinco has asserted it ended with the entry of a guilty plea in June 2018. It cites 2 CFR §180.760(a) as providing that a temporary suspension "may continue until the conclusion of those proceedings."

The suspension and debarment structure envisions that a government agency, upon learning of a party's misdeeds, may initiate a suspension to immediately stop such party from further business with the federal government. 2 CFR §180.760(a) addresses the question as to "How long may my suspension last?" The "suspension may continue until the conclusion of" "legal or debarment proceedings."

If one assumes that the proceeding against Sangha ended in dropping the charges or a not guilty verdict, then if that were the only basis for the suspension (i. e., no debarment or other charges pending), then the suspension would end on that date, unless extended pursuant to 2 CFR 180.760(b) for another 6 months "if an office of a U.S. Assistant Attorney General, U.S. Attorney, or other responsible prosecuting official requests an extension in writing." However, even under that extension, the suspension would not exceed 18 months without initiating proceedings (further prosecution or debarment).

In this case, the criminal case concluded in June 2018 with a conviction. The SBA took no affirmative action to end the suspension, however, more importantly, it did not extend the suspension for an additional 6 months under 2 CFR 180.760(b) by obtaining a prosecuting official request for an extension or initiating any other "legal or debarment proceedings."

Further enlightenment as to the suspension structure is the fact that in absence of initiating a proceeding, "a suspension may not exceed 12 months." 2 CFR 180.760(b).

The statute thus makes clear that the February 2018 suspension could not extend beyond 12 months unless the SBA either (1) initiated debarment proceedings or (2) obtained a 6-month extension from a prosecuting official. Neither of these occurred. Nor did the SBA initiate a new suspension for other reasons.

However, while Twinco's owner was not under suspension at the time of the application, he was within 3 years of the PPP application and that status made Twinco ineligible for a PPP loan. Twinco asserts there is no regulatory authority for the 3-year rule. This is SBA's policy and interpretation of its applicable law and regulations. Administrative Law Judges or Administrative Judges do not have the authority to invalidate a regulation or interpretation issued by the SBA Administrator. *See Matter of Cognitive Professional Services, Inc.*, Case No. BDPE-545 at *3 (March 10, 2015).

The following statement is contained in the PPP application:

> Debarment and Suspension Executive Order 12549; (2 CFR Part 180 and Part 2700) – ***By submitting this loan application, you certify that neither the Applicant or any owner of the Applicant have within the***

8

*past three years been: (a) debarred, suspended, declared ineligible or voluntarily excluded from participation in a transaction by any Federal Agency;* (b) formally proposed for debarment, with a final determination still pending; (c) indicted, convicted, or had a civil judgment rendered against you for any of the offenses listed in the regulations or (d) delinquent on any amounts owed to the U.S. Government or its instrumentalities as of the date of execution of this certification.

Emphasis added.

Based on the foregoing, I conclude that the SBA did not make a clear error of fact or law in concluding that Twinco's owner was under suspension within 3 years of filing its PPP application and thus was ineligible for a PPP loan and its forgiveness.

C.   Conclusion

Twinco must prove that the SBA Final Loan Review Decision is based upon a clear error of fact or law. 13 C.F.R. § 134.1210.  It has not done so.

After reviewing the record and for the reasons set forth above, I DENY Twinco, Inc.'s appeal, and AFFIRM the determination of the Small Business Administration in the Final Loan Review Decision (FLRD).

Neither initial nor final decisions rendered by SBA's Office of Hearings and Appeals (OHA) under this subpart are precedential. 13 C.F.R. § 134.1212. This is an initial agency decision.

However, unless a request for reconsideration is filed pursuant to 13 C.F.R. section 134.1211(c)(1), or unless the SBA Administrator elects to review this decision per 13 C.F.R. section 134.1211(d), this decision shall become the final agency decision of SBA 30 calendar days after its service. 13 C.F.R. § 134.1211. In accordance with the regulations, a party may file a request for reconsideration within 10 calendar days after service of this decision under 13 C.F.R. section 134.1211(c)(1). See PPP procedural rule. The requesting party may serve its petition via email to OHAPPPinquiries@sba.gov. It is each party's responsibility to review applicable rules and procedures. 13 C.F.R. 134.1211 (c)(1). A request for reconsideration must clearly show an error of fact or law material to the initial decision. 13 C.F.R. § 134.1211(c)(1).

*H. Scott Williams*

H. Scott Williams
Administrative Judge