The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TWINCO, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration; JANET YELLEN, in her official capacity as the United States Secretary of the Treasury; and THE UNITED STATES OF AMERICA, <br><br> Defendants. | Case No. 3:24-cv-05061-BHS <br><br> **UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMES NOW the United States, by and through its counsel, Tessa M. Gorman, United States Attorney for the Western District of Washington, and Kristin B. Johnson, Assistant United States Attorney for said District, on behalf of its Agency the United States Small Business Administration (SBA), and its employees, Isabella Casillas Guzman in her official capacity as Administrator of the Small Business Administration, and Janet Yellin in her official capacity as the United States Secretary of the Treasury, and hereby answers Plaintiff's complaint as follows:

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

# I. INTRODUCTION

1. The allegations in paragraph 1 of Plaintiff's complaint are a characterization of this lawsuit, which contains legal conclusions to which no answer is required. To the extent an answer is required, the United States denies the allegations in paragraph 1 of Plaintiff's complaint, except that it admits SBA denied forgiveness of a Paycheck Protection Program (PPP) loan Plaintiff obtained.

2. The United States denies the allegations in paragraph 2 of Plaintiff's complaint, except that it admits SBA issued a decision, dated March 24, 2022, which denied forgiveness of PPP loan number 5046657206 (the Loan) which, after Plaintiff supplied further documentation, SBA subsequently withdrew.

3. The United States denies the allegations in paragraph 3 of Plaintiff's complaint, except that it admits SBA issued a second decision, dated October 21, 2022, denying forgiveness of the Loan to Plaintiff.

4. The United States denies the allegations in paragraph 4 of Plaintiff's complaint, except that it admits the ALJ affirmed SBA's denial decision.

5. The allegations in paragraph 5 of Plaintiff's complaint are legal conclusions to which no answer is required. To the extent an answer is required, the United States denies the allegations in paragraph 5 of Plaintiff's complaint.

6. The allegations in paragraph 6 of Plaintiff's complaint are legal conclusions to which no answer is required. To the extent an answer is required, the United States denies the allegations in paragraph 6 of Plaintiff's complaint.

# II. PARTIES

7. The United States currently lacks knowledge or information sufficient to form a

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

belief regarding the allegations in paragraph 7 of Plaintiff's complaint, and therefore denies the same pursuant to Rule 8(b), except that the United States admits that Plaintiff has represented that Twinco, Inc. is located in Thurston County, Washington, that it is 51% owned by Jasmel Sangha and 31% owned by Susheel Sangha, and that it operates Wendy's franchises.

     8.     The United States denies the allegations in paragraph 8 of Plaintiff's complaint, except that it admits that SBA is an independent federal agency created and authorized by 15 U.S.C. § 631, *et seq.*, and it administers certain aspects of the PPP as set forth in the CARES Act.

     9.     The United States admits that Isabella Casillas Guzman is the Administrator of the SBA, and that Plaintiff's complaint names her as a party in her official capacity.

     10.     The United States denies the allegations in paragraph 10 of Plaintiff's complaint, except that it admits that Janet Yellen is the Secretary of the United States Department of Treasury, and that Plaintiff's complaint names her as a party in her official capacity.

     11.     The United States admits the allegations in paragraph 11 of Plaintiff's complaint.

### III. VENUE AND JURISDICTION

     12.     The allegations in paragraph 12 of Plaintiff's complaint contain statements of jurisdiction that contain legal conclusions to which no answer is required. To the extent an answer is required, the United States denies said allegations and puts Plaintiff to its proof.

     13.     The allegations in paragraph 13 of Plaintiff's complaint contain statements of jurisdiction that contain legal conclusions to which no answer is required. To the extent an answer is required, the United States denies said allegations and puts Plaintiff to its proof.

     14.     The allegations in paragraph 14 of Plaintiff's complaint contain statements of jurisdiction that contain legal conclusions to which no answer is required. To the extent an answer

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT  
FOR DECLARATORY AND INJUNCTIVE RELIEF  
[3:24-cv-05061-BHS] - 3

**UNITED STATES ATTORNEY**  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
206-553-7970

is required, the United States denies said allegations and puts Plaintiff to its proof.

15. The allegations in paragraph 15 of Plaintiff's complaint contain statements of jurisdiction that contain legal conclusions to which no answer is required. To the extent an answer is required, the United States denies said allegations and puts Plaintiff to its proof.

## FACTUAL BACKGROUND

### I. The CARES Act.

16. The United States admits the allegations in paragraph 16 of Plaintiff's complaint.

17. The allegations in paragraph 17 of Plaintiff's complaint contain Plaintiff's characterization of the CARES Act, to which the Court is respectfully referred for a complete and accurate statement of their contents. The United States denies any characterizations inconsistent therewith.

18. The allegations in paragraph 18 of Plaintiff's complaint contain Plaintiff's characterization of the CARES Act and other governing legislation of the PPP, to which the Court is respectfully referred for a complete and accurate statement of their contents. The United States denies any characterizations inconsistent therewith.

19. The allegations in paragraph 19 of Plaintiff's complaint contain Plaintiff's characterization of the CARES Act and other governing legislation of the PPP, to which the Court is respectfully referred for a complete and accurate statement of their contents. The United States denies any characterizations inconsistent therewith.

20. The allegations in paragraph 20 of Plaintiff's complaint contain Plaintiff's characterization of the CARES Act and other governing legislation of the PPP, to which the Court is respectfully referred for a complete and accurate statement of their contents. The United States denies any characterizations inconsistent therewith.

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

21. The allegations in paragraph 21 of Plaintiff's complaint contain Plaintiff's characterization of the CARES Act and other governing legislation of the PPP, to which the Court is respectfully referred for a complete and accurate statement of their contents. The United States denies any characterizations inconsistent therewith.

22. The United States admits the allegations in paragraph 22 of Plaintiff's complaint.

23. The allegations in paragraph 23 of Plaintiff's complaint contain Plaintiff's characterization of SBA's Standard Operating Procedures (SOPs), to which the Court is respectfully referred for a complete and accurate statement of their contents. The United States denies any characterizations inconsistent therewith.

**II. Sangha Top Hat Defaults on SBA Loan---Without Loss to the Government.**

24. The subheading to this section is a legal conclusion to which no answer is required. To the extent an answer is required, the United States denies the allegations in subheading II of Plaintiff's complaint.

The United States denies the allegations in paragraph 24 of Plaintiff's complaint, except that the United States admits that Sangha Top Hat, LLC is a business owned by Jasmel Sangh and Susheel Sangha.

25. The United States denies the allegations in paragraph 25 of Plaintiff's complaint, except that the United States admits that in 2015 Sangha Top Hat obtained an SBA Section 7(a) loan, and that it made these claims when applying. The United States currently lacks knowledge or information sufficient to form a belief regarding the Port of Seattle's business preferences in the past or present. The United States admits that the Loan was approved by Bank of the West.

26. The United States denies the allegations in paragraph 26 of Plaintiff's complaint, except that it admits that Jasmel Sengha has admitted that he intended to open a marijuana vendor

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

on the property. The United States admits that the property had two units and the smaller one was occupied by the marijuana vendor. The United States currently lacks knowledge or information sufficient to form a belief concerning whether Jus Liquor, LLC dba Nimbin Farm held any sort of license from the State of Washington or whether it was operating legally under Washington law.

27. The United States denies the allegations in paragraph 27 of Plaintiff's complaint, except that it admits the first and second sentence of paragraph 27. The United States admits the third sentence of paragraph 27 except to the extent that it implies that the lease to the marijuana vendor was the only reason for the bank finding the loan in default. The United States admits that Sangha Top Hat eventually repaid the loan, with attorney's fees associated with the default and a pre-payment penalty of $33,796.03.

### III. The SBA Temporarily Suspends Jasmel Sangha.

28. The subheading to this section is a legal conclusion to which no answer is required. To the extent an answer is required, the United States denies the allegations in subheading III of Plaintiff's complaint.

The United States denies the allegations in paragraph 28 of Plaintiff's complaint, except that it admits that Keven Standley, Special Agent for the SBA Office of Inspector General, prepared a Certification for Determination of Probable Cause explaining that there was probable cause to believe that Jasmel Sangha committed the crimes of theft in the first degree under Wash. Rev. Code § 9A.56.030 and money laundering under Wash. Rev. Code § 9A.83.020. The United States admits that this document was appended to the criminal information filed against Jasmel Sangha, and that criminal proceedings commenced.

29. The United States denies the allegations in paragraph 29 of Plaintiff's complaint, except that it admits that SBA issued a Notice of Suspension to Jasmel Singha on February 16,

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

2018, and that the quotation in Paragraph 29 is accurate.

30. The allegations in paragraph 30 of Plaintiff's complaint contain legal conclusions to which no answer is required. To the extent an answer is required, the United States admits that the quotation from the regulation is accurate.

31. The United States denies the allegations in paragraph 31 of Plaintiff's complaint, except that it admits that Jasmel Sangha pled guilty to the gross misdemeanor of attempted theft in the second degree, that he was convicted of this gross misdemeanor, and that the Judgment and Sentence was entered in King County Superior Court of June 22, 2018.

32. The United States admits the allegations in paragraph 32 of Plaintiff's complaint.

33. The United States denies the allegations in paragraph 33 of Plaintiff's complaint, except that it admits that three SBA employees were present at sentencing.

34. The United States denies the allegations in paragraph 34 of Plaintiff's complaint.

**IV. Twinco Obtains a PPP Loan Consistent with Congressional Intent.**

35. The subheading to this section is a legal conclusion to which no answer is required. To the extent an answer is required, the United States denies the allegations in subheading IV of Plaintiff's complaint.

The United States currently lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 35 of Plaintiff's complaint, and therefore denies the same pursuant to Rule 8(b), except that the United States admits that Plaintiff submitted documentation to SBA representing that its business had been injured by the pandemic.

36. The United States currently lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 36 of Plaintiff's complaint, and therefore denies the same pursuant to Rule 8(b).

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

37. The United States currently lacks knowledge or information sufficient to form a belief regarding the allegations in paragraph 37 of Plaintiff's complaint, and therefore denies the same pursuant to Rule 8(b), except that the United States admits that Susheel Sangha signed the Form 2483 PPP loan application.

38. The United States denies the allegations in paragraph 38 of Plaintiff's complaint, except that it admits that Plaintiff borrowed $332,863.62 in PPP funds.

39. The United States denies the allegations in paragraph 39 of Plaintiff's complaint.

40. The United States admits the allegations in paragraph 40 of Plaintiff's complaint.

### V. The First Wrongful SBA Denial.

41. The subheading to this section is a legal conclusion to which no answer is required. To the extent an answer is required, the United States denies the allegations in subheading V of Plaintiff's complaint. The United States denies the allegations in paragraph 41 of Plaintiff's complaint, except that the United States admits that SBA issued a decision denying loan forgiveness to Plaintiff on March 24, 2022

42. The United States denies the allegations in paragraph 42 of Plaintiff's complaint, except that it admits that Plaintiff appealed the first decision to the Office of Hearings and Appeals (OHA).

43. The United States denies the allegations in paragraph 43 of Plaintiff's complaint, except that it admits that SBA worked with Plaintiff's counsel to obtain further information, and when SBA received documentation from Plaintiff sufficient to confirm that the loan had been paid back with prepayment penalties and attorney's fees, it withdrew its decision, which became a nullity, and therefore is irrelevant to the present matter; it then filed a motion to dismiss with OHA, which was granted.

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

**VI. The Second Wrongful SBA Denial and Final Decision.**

44. The subheading to this section is a legal conclusion to which no answer is required. To the extent an answer is required, the United States denies the allegations in subheading VI of Plaintiff's complaint.

The United States denies the allegations in paragraph 44 of Plaintiff's complaint, except that it admits that SBA issued a second decision, dated October 21, 2022, denying forgiveness of the loan.

45. The United States admits the allegations in paragraph 45 of Plaintiff's complaint.

46. The United States denies the allegations in paragraph 46 of Plaintiff's complaint except that the United States admits that Plaintiff submitted exhibits to its complaint which were considered by OHA in rendering its decision.

47. The United States denies the allegations in paragraph 47 of Plaintiff's complaint.

48. The United States admits the allegations in paragraph 48 of Plaintiff's complaint.

49. The United States denies the allegations in paragraph 49 of Plaintiff's complaint except that the United States admits that OHA found that the suspension terminated before the loan application date.

50. The United States denies the allegations in paragraph 50 of Plaintiff's complaint except that the United States admits that OHA's final decision found that Plaintiff had been suspended less than three years before the date of the loan application; that pursuant to the three-year rule in the certification, Plaintiff was ineligible to have received a PPP loan, and that therefore its PPP loan could not be forgiven; and that OHA does not have the authority to determine the validity of SBA rules, regulations and policies.

//

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

51. The United States denies the allegations in paragraph 51 of Plaintiff's complaint except that the United States admits that the basis for denial of forgiveness of Plaintiff's PPP loan is that the three-year rule prevents Plaintiff from being eligible for forgiveness.

52. The allegations in paragraph 52 of Plaintiff's complaint are a characterization of this lawsuit, which contain a request for relief to which no answer is required. To the extent an answer is required, the United States denies that Plaintiff is entitled to the relief requested.

**VII. SBA's Decision was Arbitrary, Capricious, an Abuse of Discretion, Contrary to Constitutional Rights, and is in Excess of Statutory Authority.**

53. The subheading to this section is a legal conclusion to which no answer is required. To the extent an answer is required to it; the United States denies the allegations in subheading VII of Plaintiff's complaint.

The United States denies the allegations in paragraph 53 of Plaintiff's complaint.

54. The United States denies the allegations in paragraph 54 of Plaintiff's complaint.

55. The United States denies the allegations in paragraph 55 of Plaintiff's complaint.

56. The United States denies the allegations in paragraph 56 of Plaintiff's complaint.

57. The United States denies the allegations in paragraph 57 of Plaintiff's complaint.

**FIRST CLAIM FOR RELIEF (JUDICIAL REVIEW)**

58. The United States' answers to paragraphs 1-57 of Plaintiff's complaint are realleged and restated herein.

59. The United States denies the allegations in paragraph 59 of Plaintiff's complaint.

60. The United States denies the allegations in paragraph 60 of Plaintiff's complaint.

61. The United States denies the allegations in paragraph 61 of Plaintiff's complaint.

//

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 10

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

## SECOND CLAIM (DECLARATORY JUDGMENT)

62. The United States' answers to paragraphs 1-61 of Plaintiff's complaint are realleged and restated herein.

63. The United States denies the allegations in paragraph 63 of Plaintiff's complaint.

64. The United States denies the allegations in paragraph 64 of Plaintiff's complaint.

65. The United States denies the allegations in paragraph 65 of Plaintiff's complaint.

## THIRD CLAIM (SUSPENSION OF FINAL DECISION)

66. The United States' answers to paragraphs 1-65 of Plaintiff's complaint are realleged and restated herein.

67. The United States denies the allegations in paragraph 67 of Plaintiff's complaint.

## PRAYER FOR RELIEF

No response is required to the allegations in Plaintiff's prayer for relief. But To the extent an answer is required, the United States denies the allegations in paragraphs a through g and specifically denies that Plaintiff is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

Further answering Plaintiff's complaint, and as defenses thereto, the United States alleges as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims for injunctive relief and declaratory judgment are barred by sovereign immunity and therefore the Court lacks subject matter jurisdiction over them.

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 11

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

**THIRD DEFENSE**

Plaintiff's claims are barred for failure to exhaust administrative remedies to the extent that Plaintiff raises claims that it did not properly assert before SBA.

**FOURTH DEFENSE**

Plaintiff's claims are barred to the extent that Plaintiff is not challenging a final agency action.

**FIFTH DEFENSE**

SBA's decisions were not arbitrary, capricious, an abuse of discretion, contrary to law, in excess of statutory authority, or without observance of procedure required by law.

**SIXTH DEFENSE**

SBA complied with the requirements of the CARES Act, the regulations issued thereunder, the PPP, and the regulations issued thereunder with respect to the actions at issue in this complaint.

**SEVENTH DEFENSE**

Plaintiff failed to meet its burden of proof in its appeal to show that SBA's decision was based upon a clear error of fact or law under 13 C.F.R. § 134.1210.

**EIGHTH DEFENSE**

Plaintiff is not entitled to attorney's fees and costs.

**NINTH DEFENSE**

SBA did not violate Plaintiff's due process rights.

**TENTH DEFENSE**

SBA acted lawfully at all relevant times, and any loss sustained by Plaintiff was sustained without any fault by SBA.

//

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 12

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

The United States reserves the right to assert additional defenses throughout the course of this litigation.

WHEREFORE, having fully answered Plaintiff's complaint and having alleged certain affirmative defenses, the United States prays that Plaintiff's complaint be dismissed with prejudice, that Plaintiff take nothing by their complaint, and that the United States be allowed costs and such other and further relief as the Court deems just and proper.

DATED this 22nd day of March, 2024.

                Respectfully submitted,

                TESSA M. GORMAN
                United States Attorney

                *s/ Kristin B. Johnson*
                KRISTIN B. JOHNSON, WSBA #28189
                Assistant United States Attorney
                United States Attorney's Office
                700 Stewart Street, Suite 5220
                Seattle, Washington 98101-1271
                Telephone No. (206) 553-7970
                Fax No. (206) 553-4073
                E-mail: kristin.b.johnson@usdoj.gov

                Attorneys for Defendants

UNITED STATES' ANSWER TO PLAINTIFF'S COMPLAINT
FOR DECLARATORY AND INJUNCTIVE RELIEF
[3:24-cv-05061-BHS] - 13

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970