The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TWINCO, INC., | Case No. 3:24-cv-05061-BHS |
| Plaintiff, | |
| v. | **JOINT STATUS REPORT AND DISCOVERY PLAN** |
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration; JANET YELLEN, in her official capacity as the United States Secretary of the Treasury; and THE UNITED STATES OF AMERICA, | |
| Defendants. | |

## JOINT STATUS REPORT

COMES NOW the parties, through their respective counsel and pursuant to this Court's Order Regarding Initial Disclosures, Joint Status Report, Discovery, Depositions, and Early Settlement (Dkt. 6) and submit the following Joint Status Report. This matter has been stayed to allow the parties to pursue administrative remedies to resolve the case and the parties now wish to

proceed with the case. The parties have conferred regarding the issues identified in the Court's Order and advise the Court as follows:

**1. A Statement of the nature and complexity of the case.**

Plaintiff's Statement: This matter consists of judicial review of agency action, and has two components:

1) Judicial review of agency action denying loan forgiveness of a U.S Small Business Administration ("SBA") Paycheck Protection Program ("PPP") loan, which has undergone prior administrative review; and

2) A rulemaking challenge to a purported SBA rule that forms the basis for the agency action on appeal.

To summarize, Plaintiff applied for and received a PPP loan in 2020. Plaintiff applied for loan forgiveness in 2022. The SBA denied forgiveness claiming Plaintiff was ineligible due to being suspended within three years of the PPP loan application submission. Plaintiff argued on administrative appeal that proper application of suspension and debarment rules made Plaintiff eligible. The SBA asserted that its application process for the PPP loan included a new implied rule that made applicants ineligible if they were previously suspended or debarred within the preceding three years. Following the administrative appeal, the Office of Hearings and Appeals ("OHA") ruled that Plaintiff was not suspended or debarred at the time of application, but upheld the denial asserting OHA did not have authority to invalidate the SBA's interpretation of its regulations regarding the existence of a new implied three year rule. Plaintiff seeks judicial review of the denial of loan forgiveness and challenges the validity of the SBA's asserted three year rule.

Defendants' Statement: Plaintiff filed this action seeking review of Defendants' actions in adjudicating Plaintiff's application for forgiveness of a Paycheck Protection Program loan it

obtained pursuant to the Coronavirus Aid, Relief and Economic Security Act. Plaintiff's action against Defendants is brought pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 702, 706 and the Court's power under the Declaratory Judgment Act.

**2. A proposed deadline for joining additional parties.**

The parties agree that no joinder of additional parties is necessary.

**3. Consent to Magistrate Judge.**

No.

**4. Discovery Plan.**

The parties agree that this is primarily "an action for review on an administrative record," falling under a category of cases in Federal Rule of Civil Procedure 26(a)(1)(B)(i) that are exempt from the requirements set forth in FRCP 26(a) and (f) pertaining to the "lay down" of discovery, the participation of the parties in a discovery conference, and the presentation of a joint discovery plan. Fed. R. Civ. P. 26(a)(1)(B)(i).

The Certified Administrative Record from the underlying administrative appeal was filed on March 22, 2024.

Plaintiff may file a motion to supplement the record produced by Defendants by March 21, 2025.

**5. Parties' Views, Proposals and Agreements.**

(A) Prompt case resolution.

The parties have engaged in settlement efforts that have proved to be unsuccessful. The parties are committed to the prompt resolution of this case through timely briefing.

(B) Alternative dispute resolution:

**GORDON THOMAS HONEYWELL LLP**
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402

The parties have exhausted settlement efforts and believe any alternative dispute resolution obligations have been satisfied.

(C) Related cases:

None.

(D) Discovery management:

The parties do not anticipate any discovery management issues.

(E) Anticipated discovery sought:

The parties do not anticipate any discovery, and do not plan to issue any subpoenas.

(F) Phasing motions:

The parties agree that motions related to the administrative record and motions related to the merits of Plaintiff's claims should be phased as set forth in this Joint Status Report.

(G) Preservation of discoverable information:

Although discovery is not anticipated, the parties agree to preserve and not destroy information within the scope of Fed. R. Civ. P. 26(b).

(H) Privilege issues:

The parties do not anticipate any privilege issues.

(I) Model Protocol for Discovery of ESI:

If discovery were to occur, the parties agree to use the Model Protocol for Discovery of ESI.

(J) Alternatives to Model Protocol:

None at this time.

**6. Date by Which Discovery Can Be Completed.**

To the extent a discovery deadline is required, it should correspond with the deadline for Plaintiff to file any objection to the rulemaking record and/or file a motion to supplement the record, which should be March 21, 2025.

**7.  Whether the Case Should Be Bifurcated.**

The parties agree that bifurcation is not warranted.

**8.  Pretrial Statements and Pretrial Order.**

Pretrial statements and pretrial orders are unnecessary in this matter.  The issues should be resolved by briefing and oral argument in the context of judicial review of agency action.

**9.    Other Suggestions for Shortening or Simplifying the Case**

The parties propose the following briefing schedule:

The parties agree that Plaintiff's opening brief shall be due within 90 days following a ruling on Plaintiff's motion to supplement and, if required, the filing of any supplement by Defendants. Defendants' response brief shall be due 30 days after the filing of Plaintiff's opening brief, and optional replies shall be due 30 days after the filing of Defendants' response brief.

**10.    Date Case Will Be Ready for Trial**

The parties believe that the case will be decided by the Court following oral argument on the parties' briefing and a trial date is not necessary at this time.

**11.    Whether the Trial Will Be Jury or Non-Jury**

Judicial review to be decided by the Court.

**12.    Number of Days Required for Trial**

N/A

13. **Trial Counsel Contact Information**

Counsel for Plaintiff:
    Ryan Espegard, WSBA #41805
    Gordon Thomas Honeywell, LLP
    1201 Pacific Avenue, Suite 2100
    Tacoma, WA 98402
    Telephone No. (206) 676-7548
    Email: respegard@gth-law.com

Counsel for Defendants:
    KRISTIN B. JOHNSON, WSBA No. 28189
    Assistant United States Attorney
    700 Stewart Street, Suite 5220
    Seattle, WA 98101-1271
    Telephone No. (206) 553-7970
    E-mail: kristin.b.johnson@usdoj.gov

14. **Setting Trial Date**

Plaintiff's counsel is currently unavailable August 21, 2025 through September 3, 2025.

Defendants' counsel has no unavailable dates.

15. **Service of Parties**

All parties have been served in this matter.

16. **Scheduling Conference**

Neither party desires a scheduling conference at this time.

17. **Filing Dates of Corporate Disclosure Statement**

Plaintiff filed the corporate disclosure statement on January 19, 2024.

1  DATED this 31st day of January, 2025.

2  GORDON THOMAS HONEYWELL LLP

3  */s/Ryan Espegard*
   RYAN C. ESPEGARD, WSBA No. 41805
4  1201 Pacific Avenue, Suite 2100
   Tacoma, WA 98402
5  Telephone No. (206) 676-7548
   Email: respegard@gth-law.com
6  Attorney for Plaintiff

7
   DATED this 31st day of January, 2025.
8
   TESSA M. GORMAN
9  United States Attorney

10 */s/Kristin B. Johnson*
   KRISTIN B. JOHNSON, WSBA No. 28189
11 Assistant United States Attorney
   700 Stewart Street, Suite 5220
12 Seattle, WA  98101-1271
   Telephone No. (206) 553-7970
13 E-mail: kristin.b.johnson@usdoj.gov
   Attorney for Defendants

14

15

16

17

18

19

20

21

22

23

24

JOINT STATUS REPORT
[3:24-cv-05061-BHS] - 7

**GORDON THOMAS HONEYWELL LLP**
1201 Pacific Avenue, Suite 2100
Tacoma, WA 98402