UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TWINCO, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES SMALL BUSINESS ADMINISTRATION, et al., <br><br> Defendants. | CASE NO. CV-24-5061-BHS <br><br> ORDER |

THIS MATTER is before the Court on plaintiff Twinco's administrative appeal of respondent United States Small Business Administration (SBA)'s denial of Twinco's Paycheck Protection Program (PPP) loan forgiveness request, Dkt. 20.

Because the rule SBA relied on in making that decision was arbitrary and capricious, SBA's motion is denied. SBA's decision below on these grounds is reversed and the case is remanded.

ORDER - 1

## I.  BACKGROUND

Twinco owns and operates Wendy's franchises across Washington state. Dkt. 1 at 3. Twinco is majority (51%) owned by Jasmel Sangha. Dkt. 9-1 at 38.

In 2015, Sangha obtained an SBA loan and used it to acquire a building. He subsequently leased part of the building to a retail marijuana business, violating his loan terms. Dkt. 9-1 at 2; Dkt. 20 at 4–5. SBA initiated criminal proceedings against him, and he pled guilty to attempted theft. *Id.*; Dkt. 9-1 at 421. On February 16, 2018, SBA suspended Sangha from future transactions with any federal agency. *Id.* at 48, 71.

In March 2020, Congress passed the Coronavirus Aid, Relief and Economic Security (CARES) Act, creating the PPP loan program to assist small businesses during the pandemic. 15 U.S.C. § 636(a)(36). The Act authorized private lenders to directly approve PPP loans and permitted loan forgiveness for certain eligible recipients. 15 U.S.C. § 636(a)(36)(F)(ii); 15 U.S.C. § 636m(b). The CARES Act granted SBA emergency rulemaking authority to issue regulations "without regard to the notice requirements" under the Administrative Procedure Act (APA). 15 U.S.C. § 9012. SBA issued several interim final rules explaining the implementation of the program. *See, e.g.,* 85 Fed. Reg. 20811, 20811–20821 (April 15, 2020); 85 Fed. Reg. 33004, 33005 (June 1, 2020).

In April 2020, Twinco applied for and obtained a $332,863.62 PPP loan from a private lender, Columbia State Bank. Dkt. 1; Dkt. 20 at 12. The loan application asked whether the applicant or any owner was "presently suspended, debarred, proposed for debarment, declared ineligible, voluntarily excluded from participation in this transaction

by any Federal department or agency, or presently involved in any bankruptcy," to which Twinco answered, "No." Dkt. 9-1 at 392. The form provided that by submitting the loan application, the applicant certified that neither the applicant nor any owner had within the past three years been suspended, debarred, or ineligible from participating in a transaction with any federal agency ("the three-year rule"). Dkt. 20 at 12; Dkt. 9-1 at 440.

In 2021, Twinco requested forgiveness of its PPP loan. Columbia State Bank approved its request, but SBA conducted its own independent review as well. *Id.* at 243, 390–91. In March 2022, SBA denied the forgiveness request because Twinco or an owner was "delinquent or ha[d] defaulted in the last 7 years and caused a loss to the government." *Id.* at 256.

Twinco appealed this decision to the Office of Hearings and Appeals (OHA), arguing that Sangha's 2015 loan had been fully repaid and could not have caused the government any loss. *Id.* at 2–3. Twinco's counsel contacted SBA to clarify the status of Sangha's suspension. *Id.* at 65. SBA lifted Sangha's suspension, effective July 19, 2022. *Id.* at 69, 71–72. In August, SBA withdrew its March 2022 denial and undertook further review of Twinco's forgiveness request. *Id.* at 18–19.

On October 21, SBA denied Twinco's forgiveness request a second time. *Id.* at 91. It based its denial on the fact Twinco had been ineligible for the PPP loan in the first place. *Id.* Sangha had been suspended "within 3 years of the application date of April 7, 2020," violating the three-year rule. *Id.* at 91–92. It also stated Sangha's suspension "was in place at the time of the application." *Id.* at 92. Twinco appealed again.

OHA affirmed SBA's decision on appeal.[1] *Id.* at 458. Although it concluded Sangha's suspension should have been lifted in June 2018, when he was convicted, or at the latest, in February 2019, it agreed that Twinco had violated the three-year rule. *Id.* at 465–66 (2 C.F.R. § 180.760(a)–(b)). It stated SBA had authority to premise loan forgiveness on PPP loan eligibility, relying on an SBA Interim Final Rule:

> If SBA determines in the course of its review that the borrower was ineligible for the PPP loan based on the provisions of the CARES Act, SBA rules or guidance available at the time of the borrower's loan application, or the terms of the borrower's PPP loan application (for example, because the borrower lacked an adequate basis for the certifications that it made in its PPP loan application), the loan will not be eligible for loan forgiveness.

*Id.* at 464 (citing 85 Fed. Reg. at 33005). It did not have authority to address Twinco's argument about the invalidity of the 3-year rule. *Id.* 465.

Twinco appeals SBA's decision and challenges the three-year rule before this Court. Dkt. 1. It argues the rule is arbitrary and capricious because it was unlawfully adopted and applied and is contrary to existing law. Dkt. 20.

SBA responds its adoption and application of the three-year rule was reasonable under the emergency nature of the CARES Act. Dkt. 23.

The issues are addressed in turn.

## II.  DISCUSSION

Under the APA, a district court must determine whether the administrative action was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. 5 U.S.C. § 706. To pass muster under the arbitrary and capricious standard, the

---

[1] For clarity, the Court treats OHA and SBA the same for purposes of this appeal.

ORDER - 4

administrative body "must examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n of United States, Inc. v. State Farm*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)).

> The Court will vacate the agency's decision where the plaintiff proves the agency
>
> > relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Nat'l Ass'n of Home Builders v. Defenders of Wildlife*, 551 U.S. 644 658 (2007) (citation modified); *California Pac. Bank v. Fed. Deposit Ins. Corp.*, 885 F.3d 560, 570 (9th Cir. 2018); *Center for Biological Diversity v. Haaland*, 774 F. Supp. 3d 1206, 1221 (D. Ariz. 2025). Where the "agency's path may reasonably be discerned," the Court will uphold the decision. *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43 (1983).

**A.    Administrative Record before the Court**

On an administrative appeal, the Court's review is generally limited to the existing administrative record. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985). However, where there is "such failure to explain administrative action as to frustrate effective judicial review," the Court may consider "affidavits or testimony, such additional explanation of the reasons for the agency decision." *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973). Reliance on extra-record evidence is permitted only in limited circumstances: where (1) it is "necessary to determine whether the agency has considered

all relevant factors and has explained its decision," (2) "the agency has relied on documents not in the record," (3) "necessary to explain technical terms or complex subject matter," or (4) there is a "showing of agency bad faith." *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (internal quotation marks omitted). These exceptions are "narrowly construed and applied." *Id.*

**1.    The Court takes judicial notice of the three-year rule on the PPP loan application form.**

As an initial matter, Twinco highlights a significant gap in the record: it lacks Twinco's complete PPP application form. Dkt. 20 at 11. The record includes only the first two pages. Dkt. 9-1 at 392–34. Page four, where the three-year rule appears, is absent.[2]

Though the form itself is not in the record, it is clear SBA considered the three-year rule on Twinco's appeal below. *See, e.g.*, Dkt. 9-1 at 436, 458. Twinco acknowledges that SBA included a link to the full form on SBA's website in briefing contained in the record. The Court takes judicial notice of pages 3 and 4 of the form. PPP EZ Loan Forgiveness Application and Instructions, SBA Form 2483 at 4, https://www.sba.gov/document/sba-form-3508ez-ppp-ez-loan-forgiveness-application-instructions; FRE 201(b).

**2.    The Court takes judicial notice of SBA's interim final rules referenced**

---

[2] Twinco argues this "reflects that SBA is unaware of whether Twinco ever received or read pages 3 and 4 that follow the application." Dkt. 20 at 12. Notably, Twinco does not contend it lacked notice of the three-year rule.

**in the record.**

The record demonstrates SBA considered two interim final rules (IFRs) below. Dkt. 9-1 at 464 (citing 85 Fed. Reg. 20811; 85 Fed. Reg. 33004). The IFRs themselves are not in the record. The Court takes judicial notice of these two IFRs because it is evident the SBA considered them in applying the three-year rule to Twinco. FRE 201(b).

**3.    Andrews's and Johnson's declarations, Dkts. 24 and 25, are not part of the administrative record.**

SBA filed declarations by Martin Andrews, Dkt. 24, and Kristin B. Johnson, Dkt. 25, with its response brief. Andrews is an SBA officer who was "directly involved with the establishment of SBA's process for loan forgiveness review of PPP loans." Dkt. 24 at 2. Based on his "personal knowledge or on information made available" to him, he asserts the three-year rule comes from SBA's prior established Section 7(a) loan program in the emergent circumstances in which the CARES Act was passed. *Id.* at 4, 9. Johnson's declaration includes several exhibits relating to Sangha's criminal proceedings and a complete copy of the PPP loan application form. Dkt. 25. Twinco asks the Court to strike these declarations because they include evidence extrinsic to the administrative record, Dkt. 9. Dkt. 32 at 3–4.

Twinco acknowledges that declarations may help "explain the rationale for challenged actions when the agency provided no contemporaneous explanation for its decision in the administrative record." Dkt. 32 at 3. It cites, and distinguishes, two recent cases in which district courts considered SBA declarations explaining the implementation of the PPP loan program. *Id.* at 3–4 (citing *Tidewater Fin. Co. v. SBA.,* No. 2:23-CV-609,

2024 WL 4329140, at *8–10 (E.D. Va. 2024), *R. & R. adopted*, No. 2:23-CV-609, 2025 WL 763940 (E.D. Va. 2025); *DACO Invs., LLC v. SBA*., No. 6:22-CV-01444, 2024 WL 750594, at *12 (W.D. La. 2024)).

In *Tidewater*, the court considered an SBA officer's declaration because it was "based on her personal knowledge and role within the agency." 2024 WL 4329140, at *9. The officer's declaration was not a post-hoc rationalization because she had personally worked on developing the rule challenged by the appellant and could speak to SBA's adoption of the rule at issue. *Id.* at *10. The *DACO* court reviewed a declaration by that same officer's declaration for the same reasons. 2024 WL 750594, at * 11 (She had been "personally involved in preparation of the [rule], and ha[d] personal knowledge of the reasons for the SBA's actions in adopting" it.). In both cases, the court also considered the fact that the declarant's account was "consistent with the explanatory statements made by the SBA in the First IFR itself." *Id.* at *12 (referring to 85 Fed. Reg. 20811).

Not all declarations by SBA officials constitute background information relevant to the administrative record. Where the declaration is a post-hoc rationalization, the Court cannot consider it as part of the record. In *Alaska Urological Inst., P.C. v. U.S. Small Bus. Admin.*, another PPP loan denial case, the court did not consider an after-filed declaration because it was "primarily offered to introduce justifications" for SBA's action. 619 B.R. 689, 707 (D. Alaska 2020).

The Court will not consider either declaration on review of SBA's decision. Andrews does not assert he was involved in any way in the development of the three-year rule, PPP eligibility standards, or its adoption in the PPP loan application. *DACO*, 2024

WL 750594, at *11. Andrews was involved in implementing PPP loan *forgiveness*. He does not have the personal knowledge necessary to explain SBA's reasons for adopting the three-year rule on the PPP loan *application*.

Additionally, the April 15 and June 1 IFRs are silent as to the three-year rule. Both confirm that the PPP falls under SBA's 7(a) loan program and that a PPP loan may not be forgiven if the borrower was ineligible in the first place, "for example, because the borrower lacked an adequate basis for the certifications that it made in its . . . application." 85 F.R. at 33005. However, the IFRs do not describe the three-year rule—or suspension at all for that matter—as a bar to PPP loan eligibility. The April 15 IFR lists certifications applicants must make on their PPP application, none of which reference suspension or the three-year rule. 85 F.R. at 20814. It also links to SBA's standard operating procedure for determining ineligibility, but neither SBA nor Twinco cite to any portion of that document for the three-year rule. Andrews's declaration supplements, and therefore is not wholly consistent with, SBA's explanatory statements in the IFRs. It is instead a post hoc rationalization of SBA's adoption of the three-year rule during the PPP loan application process. The Court will not consider his declaration as part of the record.

Johnson's declaration supplements the record as to Sangha's criminal proceedings and the complete PPP loan application as of April 2020. Dkt. 25. It is possible SBA relied on Sangha's criminal records below, but his conviction is undisputed. The Court need not consider them here. And as discussed above, the Court takes judicial notice of pages three and four of the PPP loan application form.

Dkts. 24 and 25 constitute extra-record evidence that are not necessary for the Court's review of SBA's underlying decision. These declarations are **STRICKEN** and will not be reviewed as part of the administrative record.

**B.    SBA did not rely on any rational reason for its adoption of the three-year rule.**

Twinco argues first that SBA failed to engage in proper notice and comment rule making for the three-year rule. Dkt. 20 at 16–17 (citing 5 U.S.C. § 553). It then argues the three-year rule is contrary to due process protections afforded to individuals subject to suspension and renders the PPP loan form internally inconsistent. Dkt. 20 at 17–20. It also argues SBA's application of the rule at the loan forgiveness stage is irrational and unsupported by the CARES Act. *Id.* at 22.

SBA responds that the three-year rule pre-dated the PPP in its 7(a) loan program, and that the CARES Act allowed it to mirror those same requirements. Dkt. 23 at 12–13 (citing Dkt. 24). It argues the "application containing the certification was a contractual document to which" Twinco was bound, and that it submitted the application attesting to the accuracy of its application "under penalty of law." *Id.* at 19. Finally, SBA contends its review of loan applications—and application of the three-year rule—at the forgiveness stage is consistent with the emergency nature of the PPP. *Id.* at 20–24.

SBA had emergency rule making authority to implement the PPP "without regard to the [APA's] notice requirements." 15 U.S.C. § 9012. It was not required to undergo notice and comment rulemaking to adopt the three-year rule into its PPP application process.

Several courts nationwide, including at least one appellate court, have rejected the argument that it is irrational for SBA to assess eligibility "when the borrower is seeking forgiveness, rather than at the outset." Dkt. 20 at 22. For example, in *Bruckner Truck Sales, Inc. v. Guzman*, the Fifth Circuit held that the CARES Act allowed SBA to determine PPP loan forgiveness based on borrowers' eligibility for the loan. 148 F.4th 341, 344 (5th Cir. 2025). It asserted that to decide otherwise would be "absurd," "create a massive loophole," and undermine the "basic principle" that if a "business is not entitled to a guaranteed loan, then it's not entitled to forgiveness of that loan, either." *Id.* at 344–45 (internal quotation marks omitted); *see Springfield Hosp., Inc. v. Guzman*, 28 F.4th 403, 424 (2d Cir. 2022) (PPP is a "loan guaranty program, not a grant program."); *see also QX Logistix, LLC v. U.S. Small Bus. Admin.*, No. CV 25-90-MN, 2026 WL 171559, at *6 (D. Del. 2026) (plaintiff was not entitled to forgiveness of loans it was ineligible to receive); *Asherson, Klein & Darbinian v. JPMorgan Chase Bank, N.A.*, No. 2:23-CV-06543-SSC, 2025 WL 2324623, at *4 (C.D. Cal. 2025) (citing 85 F.R. at 33004) (independent SBA review of forgiveness applications was permitted where SBA had not reviewed the lender's decision at the disbursement stage).

While the timing of SBA's application of the three-year rule may be permissible, that does not render the substantive rule itself reasonable. Twinco correctly highlights that the rule contradicts SBA regulations allowing currently suspended and debarred borrowers to challenge their status. Dkt. 20 at 18–19 (citing 2 C.F.R. § 2700.765; 2 C.F.R. § 2700.890). The three-year rule "extends the exclusionary effect of a temporary

suspension" without any apparent due process protections. *Id.* at 19. Moreover, the three-year rule renders the question on the borrower's present suspension status meaningless.

SBA's argument that "it is enough to say that [the three-year rule] was a pre-existing Section 7(a) requirement" fails because it relies entirely on Andrews's declaration, Dkt. 24, in support. Dkt. 23 at 16. As discussed above, Andrews's declaration is not part of the record. The existing record before the Court, Dkt. 9, provides no evidence of the three-year rule's use or application in determining 7(a) loan eligibility. While the IFRs in the record confirm the PPP is part of SBA's 7(a) program, they too are silent as to the effect that suspension or the three-year rule has on PPP eligibility.

The Court concludes the three-year rule is arbitrary and capricious. It was not rationally adopted with respect to the PPP.

SBA's motion for summary judgment, Dkt. 23, is **DENIED**. SBA's decision below is **REVERSED** and **REMANDED** for further proceedings consistent with this Order. **IT IS SO ORDERED.**

Dated this 6th day of February, 2026.

BENJAMIN H. SETTLE
United States District Judge